FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC TOWNSEL, | No. 2:23-cv-00224-SAB |
| Plaintiff, | |
| v. | **ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT; DENYING MOTION TO APPOINT COUNSEL; DENYING MOTIONS FOR PRELIMINARY INJUNCTIONS; DENYING MOTIONS FOR ORAL ARGUMENT; DENYING MOTION FOR RECONSIDERATION; GRANTING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT OR TO VOLUNTARILY DISMISS ECF NOS. 7–16** |
| KENNETH SAWYER, DAVID KENNEY, SANDRA THOMPSON, CHAD HARBOUR, JACKIE SHUEY, JAMES EDWARDS, JO PHILLIPS, KEN MOORE, DONALD HOLBROOK, STEVEN SUNDBERG, TANNER MINK, STACY THOMPSON, AUSTIN FRANK, JAMES FUNNEMARK, JEREMY GARBERG, ALICIA SANCHEZ, FRANK RIVERA, CAROL SMITH, H. ALIJAGIC, D. MCINTYRE, M. JACKSON, and K. DUBROOK, | |
| Defendants. | |

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 1**

1    BEFORE THE COURT are Plaintiff Eric Townsel's Letter to the Court, ECF No. 7, Motion to Appoint Counsel, ECF No. 8, Motions for Preliminary Injunctions against Clallam Bay Corrections Center ("CBCC"), Washington State Department of Corrections ("DOC"), Washington State Attorney General's Office ("AGO"), the CBCC Law Librarian, Washington State DOC's Public Records Office, and Washington State Office of Corrections ("OCO") Ombuds, ECF Nos. 9–12. Also before the Court are Plaintiff's Motions for Oral Argument, ECF Nos. 13–14, Motion for Reconsideration of the Court's Order to Amend or Voluntarily Dismiss Complaint ("Order to Amend"), ECF No. 15, and Motion for an Extension of Time to File a First Amended Complaint or Voluntarily Dismiss, ECF No. 16. Plaintiff's Motions were considered without oral argument on the date signed below.

By Order filed September 21, 2023, the Court advised Plaintiff, a prisoner currently housed at CBCC, of the deficiencies of his civil rights complaint pursuant to 42 U.S.C. § 1983 and directed him to amend or voluntarily dismiss within sixty days. ECF No. 6. Plaintiff seeks injunctive relief and $150,000,000.00 in monetary damages, claiming that he received inadequate medical care related to two hip replacement surgeries. ECF No. 1 at 75–76. Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

## LETTER TO THE COURT

On September 21, 2023, Plaintiff filed a letter with the Court, which was dated August 21, 2023. ECF No. 7. Plaintiff titled the letter, "1. Plaintiff[']s Amendment to Preliminary Injunction Motion Against CBCC, DOC and AGO, for Use of Harassment/Retaliation Upon Plaintiff for Filing this Civil Suit[;] 2. Plaintiff[']s Motion for Emergency Restraining Order Against Defendants[; and] 3. Plaintiff[']s Motion to[ ]Amend Complaint and Add Ninth Count and Waiver of Exhaustion of Remedies as Remedies Either Exhausted or Unexhaustible." *Id*. at 1.

In his letter, Plaintiff asserts that he is a defendant in a criminal case in the

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 2**

Walla Walla County Superior Court. ECF No. 7 at 2. He states that a virtual hearing was scheduled to be held in his superior court case on August 10, 2023 at CBCC. *Id*. He claims that Corrections Officer Frees, who is the CBCC property room officer and is not named as a Defendant to this action, told Plaintiff that he had to pack to transfer to segregation at the Washington State Penitentiary ("WSP") "for court." *Id*. Plaintiff asserts that he told Officer Frees that this was incorrect and after Officer Frees rechecked his records, he found that Plaintiff was correct. *Id*.

Plaintiff states that on August 10, 2023, during a virtual hearing in his superior court case, another virtual hearing was set for August 15, 2023. ECF No. 7 at 2. He claims that the CBCC Legal Liaison, Mr. Pearson, who is not named as a Defendant to this action, later contacted Plaintiff to tell him that the virtual hearing had been rescheduled for August 17, 2023. *Id*.

Plaintiff argues that he was again called to the CBCC property room by Officer Frees who told Plaintiff that he was scheduled for transfer to WSP segregation for a "trial." ECF No. 7 at 2. Plaintiff contends that he knew the trial was in error because no jury had been impaneled, and he informed Officer Frees, Mr. Pearson, and his Unit Counselor, Ms. McCann, who is not named as a Defendant to this action, of this error. *Id*. He claims that they advised Plaintiff not to go, and that on August 15, 2023, Plaintiff's court-appointed counsel told Plaintiff that he did not have an in person court hearing. *Id*. However, Plaintiff argues that on August 16, 2023, an unidentified second shift sergeant, along with Corrections Officers Tyler and Stacey, none of whom are named as Defendants to this action, came to Plaintiff's cell and ordered him to go. *Id*. Plaintiff asserts that he refused to pack. *Id*.

Plaintiff claims that later the same day, Lieutenant Weeks, Sergeant Halvert, and the same three officers listed above, along with another four guards and a counselor, none of whom are named as Defendants to this action, put Plaintiff in

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 3**

handcuffs, told him that they were authorized to use pepper spray and force to send him to WSP segregation for "Trial[.]" ECF No. 7 at 2. He alleges that they told Plaintiff that Lieutenant Weeks "had personally talked to 'The Secretary' of DOC (?), or Records (?), and was told that they had spoken to The 'Prosecutor'" and was told that Plaintiff had to be sent or they would be in contempt of court. *Id*. at 2–3. Plaintiff claims that he explained to Sergeant Halvert and Lieutenant Weeks that there was no trial and instead he had a virtual hearing scheduled for the next day, August 17, 2023, but they refused to listen and Mr. Pearson said they would "send [Plaintiff's] virtual hearing with [him] to WSP[.]" *Id*. at 3.

Plaintiff contends that he was transferred by special transport from CBCC to segregation at the Washington Corrections Center ("WCC"). ECF No. 7 at 3. He claims that on August 17, 2023, the day of his virtual hearing, he was sent on a twelve-hour bus ride from WCC to WSP and once at WSP, he was placed in segregation/Intensive Management Unit ("IMU")-South. *Id*. He asserts that he went to Walla Walla Superior Court on August 22, 2023 and was told by the state court judge that he had missed his virtual hearing on August 17, 2023. *Id*. He claims that there was no trial and when he asked the prosecutor if he had demanded that Plaintiff be transferred for trial, the prosecutor denied speaking to anyone from CBCC or Washington State DOC. *Id*.

Plaintiff claims that he learned that CBCC staff had been looking at an invalid order to produce Plaintiff with a trial date of August 22, 2023. ECF No. 7 at 3. He argues that CBCC staff should have called the court clerk to verify that the order was valid, but instead they lied about talking to the prosecutor. *Id*. Plaintiff contends that their actions delayed his actual state court proceedings and caused him to have to sit on the bus for seventeen hours and be held in segregation from August 16, 2023 through September 6, 2023, when he was finally returned to CBCC. *Id*.

Plaintiff claims that during his stay at WSP, he was denied an opportunity to

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 4**

be present at his own administrative segregation hearing by his hearing officer, Mr. Fisbeck, who is not named as a Defendant to this action. ECF No. 7 at 4. Plaintiff argues that Mr. Fisbeck has refused to speak with him or answer his kites. *Id.*

In his letter to the Court, Plaintiff seeks to expedite all of the pending motions in this case. ECF No. 7 at 4. Plaintiff's request is **DENIED as moot**, as this Order addresses all of his currently pending motions. He also asks for the opportunity to amend his complaint to include the events described in his letter, and to potentially add defendants. *Id.* This request is also **DENIED as moot** because on the same day that Plaintiff filed this letter, the Court issued its Order to Amend, ECF No. 6, giving Plaintiff the opportunity to amend his complaint.

## MOTION TO APPOINT COUNSEL

On September 21, 2023, Plaintiff filed a Motion to Appoint Counsel. ECF No. 8. He states that he is requesting the appointment of counsel because this case is brought in good faith and has merit, the constitutional deprivation of his civil rights spans more than 18 years and involves complex medical care issues that will be difficult for Plaintiff to address alone, there are more than eight counts asserted in the complaint against thirty defendants, and Plaintiff has been unable to secure legal counsel despite contacting more than twelve law firms. *Id.*

This Court can designate counsel under 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits" and Plaintiff's ability "to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation omitted).

In the Court's Order to Amend, filed on September 21, 2023, the Court advised Plaintiff of the deficiencies in his Complaint. ECF No. 6. Plaintiff filed this Motion to Appoint Counsel the same day. ECF No. 8. There is nothing

particularly complex about the factual and legal issues he should present in a first amended complaint. Further, in Plaintiff's Motion for Extension of Time to File First Amended Complaint or Voluntary Dismissal, ECF No. 16, filed on October 11, 2023, Plaintiff states that he has secured the assistance of attorneys who will help draft his First Amended Complaint but they need time to review the docket. Therefore, Plaintiff's Motion to Appoint Counsel, ECF No. 8, is **DENIED**.

## INJUNCTIVE RELIEF

On September 21, 2023, Plaintiff filed four separate Motions for Preliminary Injunctions. ECF Nos. 9–12. He seeks a preliminary injunction against CBCC, Washington State DOC, and Washington State AGO, asking the Court to order that they refrain from retaliating against and harassing Plaintiff for filing this civil action. ECF No. 9 at 1. Plaintiff also asks this Court to order the DOC and the AGO not to transfer him out of state during and/or after these proceedings as another means of retaliation. *Id*. at 2. Plaintiff contends that the DOC and AGO have: (1) denied timely and proper medical care; (2) refused to address grievances with honesty and integrity; (3) withheld or refused to send out personal and legal mail; (4) transferred Plaintiff without justification or a hearing after demotion of custody; (5) used physical torture against Plaintiff; (6) placed Plaintiff in a segregation unit and confiscated legal paperwork; and (7) contacted Plaintiff's relatives and associates for purposes of disrupting those relationships and using non-parties against Plaintiff. *Id*. at 1–2.

Plaintiff also seeks a preliminary injunction against CBCC Law Librarian, Mr. Erickson, who is not named as a Defendant to this action. ECF No. 10 at 1. He asks the Court to order Mr. Erickson to refrain from copying Plaintiff's electronic filings to this Court and releasing the copies to prison staff in violation of Federal Rule of Civil Procedure ("FRCP") 5.2 and Plaintiff's Health Insurance Portability and Accountability Act ("HIPAA") rights. *Id*. Plaintiff claims that Mr. Erickson's scanning machine, which is used to scan documents to the Court, is also used as a

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 6**

copy machine that retains images which Mr. Erickson then releases to CBCC staff. *Id*. Plaintiff contends this promotes retaliatory conduct against Plaintiff from CBCC and Washington State DOC staff. *Id*.

Plaintiff also seeks a preliminary injunction against the DOC Public Records Unit. ECF No. 11 at 1. He claims that the DOC Public Records Unit has in its possession records pertaining to this case that Plaintiff requested on May 18, 2021. *Id*. He argues that the DOC Public Records Unit has failed to produce these records in their entirety, and has sent Plaintiff the same records twice and charged him. *Id*.

Plaintiff seeks a preliminary injunction against the OCO Ombuds, asking the Court to order it to release all documents and files involving Plaintiff's medical information and grievances related to this action. ECF No. 12 at 1. Plaintiff asserts that over a period of five years, the OCO has compiled records and complaints filed by Plaintiff against the Washington State DOC and its facilities regarding poor medical treatment and care at CBCC, WSP, and Airway Heights Corrections Center ("AHCC"). *Id*. He claims that in recent months, the OCO has demonstrated its unwillingness and reluctance to turn over these documents to Plaintiff. *Id*.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. The elements of the test are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F. 3d. 1127, 1131 (9th Cir. 2011) ("For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits.").

Plaintiff's requests for injunctive relief are premature as the Court has not yet determined that he has filed a legally sufficient complaint as to every claim

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 7**

asserted. Moreover, Plaintiff has made no showing that he is likely to suffer irreparable harm in the absence of preliminary relief. He realleges many of his claims from his complaint. Other than conclusory assertions, Plaintiff has made no showing that he is in danger of being subjected to anything in violation of his federally protected rights, which would warrant the extraordinary remedy of a preliminary injunction at this time. *See* 18 U.S.C. § 3626(a)(1)–(2). Therefore, Plaintiff's Motions for Preliminary Injunctions, ECF Nos. 9–12, are **DENIED**.

Moreover, Plaintiff asks the Court to direct the OCO to release all non-privileged materials it has in its possession regarding Plaintiff's complaints concerning medical care and DOC's denial of timely grievance responses. ECF No. 12 at 1. The OCO is not a Defendant to this action and the Court cannot direct the actions of non-parties. Further, the Court has granted Plaintiff the opportunity to amend or voluntarily dismiss his complaint. ECF No. 6. If Plaintiff chooses to file an amended complaint, it will be screened in due course, and if it is found to state any cognizable claims against any defendants, the Court will order service on the appropriate defendant(s), a responsive pleading will be filed, and the Court will then issue an order opening discovery. Therefore, Plaintiff's request for discovery, ECF No. 12 at 1, is premature and is **DENIED** without prejudice.

**REQUESTS FOR ORAL ARGUMENT**

Plaintiff requests oral argument on his pending motions, claiming that his pending motions "require some explanation[.]" ECF Nos. 13–14. He asserts that his original Complaint consists of 76 pages, with more than 300 pages of attachments. ECF No. 14 at 2. He expresses "concern that vital information and supportive documents may not have been read and[/]or related to their 76 page counter[]part." *Id*. Plaintiff asks to be afforded the opportunity to be present virtually or telephonically before the Court "to provide essential information and clarity of relations between complaint and filed exhibits." *Id*. Plaintiff states that "Changes (Big ones) will be made in the Amended Complaint," but he seeks an

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 8**

opportunity to clarify and address any of the Court's concerns. *Id*. at 2–3.

Plaintiff has been granted the opportunity to amend his complaint to correct any deficiencies identified by the Court in its Order to Amend. ECF No. 6. In any amended complaint, Plaintiff has the opportunity to "to provide essential information and clarity of relations between complaint and filed exhibits." ECF No. 14 at 2. He has been instructed to limit any amended complaint to twenty-five (25) pages. ECF No. 6 at 28–29. The Court finds oral argument is not warranted at this time. Plaintiff's requests for oral argument on his pending motions, ECF Nos. 13–14, are **DENIED**.

## MOTION FOR RECONSIDERATION

On September 27, 2023, Plaintiff filed a Motion for Reconsideration of this Court's Order to Amend. ECF No. 15. Plaintiff takes issue with the Court's application of the three-year statute of limitations for Section 1983 claims under Washington law and the Court's determination that Plaintiff failed to allege Defendant Dr. Harbour is a state actor. ECF No. 15 at 1–3. Plaintiff reasserts his arguments from the Complaint that DOC Public Disclosures has refused to provide records and that he was denied responses to his grievances so that he cannot exhaust his administrative remedies. ECF No. 15 at 2–4.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J , Multnomah Cnty., Or.*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J Multnomah Cnty., Or.*, 5 F.3d at 1263.

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 9**

### A. Statute of Limitations

As noted in the Court's Order to Amend, Plaintiff describes activities and events in his Complaint that occurred from 2005 through the present. ECF No. 1 at 8–9, 32–36. The applicable statute of limitations for Section 1983 claims under Washington law is three years. *See RK Ventures, Inc.*, 307 F.3d at 1058; *Millay v. Cam,* 135 Wash.2d 193, 206 (1998) (requiring "bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff," for equitable tolling to apply). In its Order to Amend, the Court determined that Plaintiff did not file his federal civil rights complaint until August 9, 2023, and in the absence of a basis for equitable tolling, Plaintiff must limit his claims to those which arose after August 9, 2020. ECF No. 6 at 17.

In his Motion for Reconsideration, Plaintiff states that although he agrees with some of the Court's Order to Amend and he will amend his complaint, he argues that "[i]f the Court is going to use the Washington State Statute of Limitations and the Tolling thereof, The Court cannot Ignore the continuing-course-of-treatment-rule used by State Courts." ECF No. 15 at 2. He argues that he was deprived of medical care for more than eighteen years, and that the statute of limitations was tolled under the Washington State "Continuing-Course-of-Treatment Rule", which applies "to cases where medical malpractice is alleged as a result of continuing and substantially uninterrupted course of treatment." *Id*. at 1. He argues that allegations in his Complaint show that Defendants deprived him of medical care from 2005 through 2023 and "[a]t NO time did [his] medical care [he] complained of end and still continues to this day." *Id*. at 2. Plaintiff asserts that a cause of action exists for continuing negligent treatment and that this action accrues when the treatment for the particular illness ended. *Id*. at 1.

As stated in the Court's Order to Amend, a showing that a prison official has been negligent or medically negligent is insufficient to establish a constitutional deprivation under the Eighth Amendment. *See Hallett v. Morgan*, 296 F.3d 732,

ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING
MOTIONS AND TO AMEND COMPLAINT . . . # 10

744 (9th Cir. 2002) ("Mere medical malpractice does not constitute cruel and unusual punishment.") (citation omitted); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *Wood*, 900 F.2d at 1334 (holding that even gross negligence cannot establish a constitutional violation).

Also as stated in the Court's Order to Amend, Washington State's three-year statute of limitations for personal injury actions applies to Plaintiff's Section 1983 claim. ECF No. 6 at 5, 17, 19. As stated in the Court's Order to Amend, "[a] federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." ECF No. 6 at 17 (citing *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (internal quotations omitted)); *see also Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 885 (9th Cir. 2017) (finding an Eighth Amendment deliberate indifference claim accrued when plaintiff knew, or had reason to know, through reasonable diligence, that her psychological injuries were caused by defendants' improper conduct in therapy).

In his Motion for Reconsideration, Plaintiff asserts that he submitted over 300 pages of documents in support of his allegations, but he is "unsure if the Court has read these supportive documents." ECF No. 15 at 2. He contends that these documents show that Defendants Dr. Sawyer, Dr. Kenney, Dr. Edwards, and PA-C Jackie Shuey "collectively for years DENIED plaintiff access to Orthopedic Specialists which delayed care/treatment, for YEARS." *Id*. Plaintiff argues that

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 11**

each count set forth in his Complaint has its own list of exhibits in chronological order and in the case of Plaintiff's torn labrum, the exhibits show in the physical therapy evaluation from September 2010, that Plaintiff "suffered significant deterioration which the defendants and CRC refused to act upon." *Id*.

Under the continuing course of treatment rule referenced by Plaintiff in his Motion for Reconsideration, "the three-year statute of limitations begins to run when the plaintiff discovers that the treatment has been negligent." *Martin v. Washington State Dep't of Corr.*, No. C20-00311-LK, 2023 WL 3902363 (W.D. Wash. May 1, 2023) (citing *Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1030 (W.D. Wash. 2011)). "If, during the course of treatment, a patient discovers the treatment has been negligent, the 3-year limitations period under RCW 4.16.350 begins." *Id*. (citing *Caughell v. Group Health Co-op. of Puget Sound*, 876 P.2d 898, 908 (Wash. 1994)). The limitations period begins to run because "[t]he patient's discovery of facts sufficient to establish continuing negligent treatment obligates the patient to take action from that moment on. This discovery marks the end point of a claim for continuing negligent treatment." *Caughell*, 876 P.2d at 908. Thus, Plaintiff's assertion that a cause of action for continuing negligent treatment accrues when the treatment for the particular illness ended is misplaced. ECF No. 15 at 1.

Moreover, Plaintiff is advised that he does not need to submit exhibits, affidavits, grievances, kites, medical reports, or any other materials with his complaint. Any documents Plaintiff chooses to submit must relate directly to the claims presented in the complaint. Plaintiff must specify which portion of the "exhibit(s)" (i.e., page and paragraph) he is relying on to support the specific fact(s) of the claims presented in the complaint. The Court will not comb a litigant's exhibits in search of a claim not clearly and concisely presented in the complaint.

//

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 12**

### B. State Actor

Plaintiff takes issue with the Court's determination that he alleged no facts in the Complaint from which the Court could infer that Defendant Dr. Chad Harbour, a private party, conspired with state officials to deprive Plaintiff of his constitutionally protected rights or otherwise acted under color of state law. ECF No. 15 at 3; ECF No. 6 at 20. In his Motion for Reconsideration, Plaintiff alleges that Defendant Dr. Harbour is a state actor acting under color of law. ECF No. 15 at 3. In any amended complaint, Plaintiff shall make this allegation.

### C. Responses to Grievances

Plaintiff reasserts allegations from his Complaint that he was denied responses to his grievances in order to prevent him from exhausting his administrative remedies. ECF No. 15 at 3. He also argues that Defendant Austin Frank's "refusal to hand over critical records" has resulted in Plaintiff being unable to make a case against Defendants and other unidentified individuals. ECF No. 15 at 3–4.

In his Motion for Reconsideration, Plaintiff presents no new facts, information, or newly discovered evidence for the Court to consider in evaluating his request. He has not shown that the Court committed clear error or that the Court's Order to Amend, ECF No. 6, was manifestly unjust. Furthermore, there has been no intervening change in controlling law and there are no other circumstances warranting reconsideration. Therefore, Plaintiff's Motion for Reconsideration of this Court's Order to Amend, ECF No. 15, is **DENIED**.

## MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT OR VOLUNTARY DISMISSAL

On October 11, 2023, Plaintiff filed a Motion for Extension of Time to File First Amended Complaint or Voluntary Dismissal. ECF No. 16. On September 21, 2023, this Court ordered Plaintiff to file a First Amended Complaint by November 20, 2023. ECF No. 6 at 29. Plaintiff was cautioned that if he failed to amend by

that date, his complaint would be dismissed. *Id*.

Plaintiff requests that the Court grant him an extension of time between thirty and sixty days to file a First Amended Complaint or to voluntarily dismiss his complaint. ECF No. 16 at 1–2. He seeks an extension because he is a *pro se* prisoner with limited resources and he has secured the assistance of attorneys who will help draft his First Amended Complaint. *Id*. at 2. He asserts that an extension of time would allow the attorneys to review the entire record and assist with drafting an amended complaint. *Id*. at 3.

The decision to grant an extension of time is discretionary with the Court. Fed. R. Civ. P. 6(b). Finding good cause, Plaintiff's Motion for Extension of Time to File First Amended Complaint or Voluntary Dismissal, ECF No. 16, is **GRANTED**. Plaintiff may submit a First Amended Complaint or a Motion to Voluntarily Dismiss his Complaint on or before **January 19, 2024**.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's requests to expedite all pending motions in this case and to amend his complaint to include the events described in his letter, ECF No. 7 at 4, are **DENIED as moot**. Plaintiff is cautioned that he may not bring a lawsuit with respect to conditions of confinement under Section 1983 unless all available administrative remedies have been exhausted. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005). Plaintiff should also be aware that claims arising in the Western District of Washington should be brought in that District.

2. Plaintiff's Motion to Appoint Counsel, ECF No. 8, is **DENIED**.

3. Plaintiff's Motions for Preliminary Injunctions, ECF Nos. 9–12, are **DENIED**.

4. Plaintiff's request for discovery, ECF No. 12 at 1, is **DENIED**.

5. Plaintiff's requests for oral argument on his pending motions, ECF Nos. 13–14, are **DENIED**.

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 14**

6.  Plaintiff's Motion for Reconsideration of this Court's Order to Amend, ECF No. 15, is **DENIED**.

7.  Plaintiff's Motion for Extension of Time to File First Amended Complaint or Voluntary Dismissal, ECF No. 16, is **GRANTED**.

8.  Plaintiff may submit an amended complaint on or before **January 19, 2024**, which must include sufficient facts to state a claim upon which relief may be granted. Plaintiff is once again cautioned that if he fails to amend on or before **January 19, 2024**, as directed, the Court will dismiss the complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

9.  Alternatively, the Court will permit Plaintiff to voluntarily dismiss his complaint pursuant to Federal Rule of Civil Procedure 41(a) on or before **January 19, 2024**, or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g). A voluntary dismissal on or before January 19, 2024, will not count as a strike.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide a copy to Plaintiff, along with a form Motion to Voluntarily Dismiss Complaint and a civil rights complaint form.

**DATED** this 9th day of November 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING AS MOOT REQUEST TO EXPEDITE PENDING MOTIONS AND TO AMEND COMPLAINT . . . # 15**